UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL LORUSSO,

    Petitioner,

v.    Case No.: 2:25-cv-27-SPC-NPM

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Michael LoRusso's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1).  LoRusso is a pretrial detainee in Pinellas County Jail, and he asks this Court to intervene in his ongoing state criminal proceedings.  Habeas petitions brought under § 2241 must be filed in the district where the petitioner is confined.  *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  While LoRusso has filed the petition in the correct district, Local Rule 1.04 requires actions most directly connected to Pinellas County to be filed in the Tampa Division.

The Court would normally transfer this case to the Tampa Division, but that is not necessary here.  LoRusso has a pending § 2241 habeas petitions in Tampa (8:25-cv-39-SDM-CPT), and the Tampa court has dismissed three others in the last month (8:24-cv-2870-WFJ-AAS, 8:24-cv-3005-KKM-NHA,

and 8:25-cv-9-KKM-SPF). This action is duplicative of the pending and closed Tampa cases. The Eleventh Circuit explained how federal courts treat duplicative civil actions:

> It is well established that as between federal courts, the general principle is to avoid duplicative litigation. This doctrine rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Although no precise test has been articulated for making this determination, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions. Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court.

*I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1552 (11th Cir. 1986) (cleaned up). The Court will dismiss this action as duplicative. The dismissal will have no effect on LaRusso's pending and closed Tampa cases.

Accordingly, it is now

**ORDERED:**

1. Petitioner Michael LoRusso's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

3. LaRusso is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on January 17, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record